MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALBERTO GALEANA PLACIDO, LUIS LOPEZ
ROJAS, and RAYMUNDO ALBERTO GALEANA,
*individually and on behalf of others similarly situated,*

                              *Plaintiffs*,

                -against-

PJJK RESTAURANT CORP. (d/b/a BLONDIES),
JOSEPH MCKENNA, PATRICIA MCGREEVEY,
and JILL HOMORODEAN

                              *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Alberto Galeana Placido, Luis Lopez Rojas, and Raymundo Alberto Galeana,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against PJJK Restaurant Corp. (d/b/a Blondies) ("Defendant Corporation"), Joseph McKenna,

Patricia McGreevey, and Jill Homorodean (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants PJJK Restaurant Corp. (d/b/a Blondies), Joseph McKenna, Patricia McGreevey, and Jill Homorodean

2.       Defendants own, operate, or control a sports bar/restaurant located at 212 West 79th Street, New York, New York 10024 under the name Blondies.

3.      Upon information and belief, individual defendants Joseph McKenna, Patricia McGreevey, and Jill Homorodean serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as cooks.

5.      At all times relevant to this Complaint, Plaintiff Galeana and Plaintiff Lopez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Specifically, defendants failed to pay Plaintiffs their agreed-upon hourly salary for many of the weeks they worked.

8.      Further, Defendants failed to pay Plaintiff Galeana and Plaintiff Lopez the required "spread of hours" pay for any day in which they worked over 10 hours per day.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a sports bar/restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

15.    Plaintiff Alberto Galeana Placido ("Plaintiff Galeana" or "Mr. Galeana") is an adult individual residing in New York County, New York. Plaintiff Galeana was employed by Defendants from approximately March 2015 until on or about March 08, 2017.

16.    Plaintiff Luis Lopez Rojas ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Bronx County, New York. Plaintiff Lopez was employed by Defendants from approximately August 2011 until on or about June 23, 2017.

17.    Plaintiff Raymundo Alberto Galeana ("Plaintiff Alberto" or "Mr. Alberto") is an adult individual residing in New York County, New York. Plaintiff Alberto was employed by Defendants from approximately 2004 until on or about June 29, 2017.

### *Defendants*

18.    At all relevant times, Defendants own, operate, or control a sports bar/restaurant located at 212 West 79th Street, New York, New York 10024 under the name "Blondies."

19.    Upon information and belief, PJJK Restaurant Corp. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 212 West 79th Street, New York, New York 10024.

20.    Defendant Joseph McKenna is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph McKenna is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

Defendant Joseph McKenna possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.     Defendant Patricia McGreevey is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Patricia McGreevey is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Patricia McGreevey possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.     Defendant Jill Homorodean is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jill Homorodean is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Jill Homorodean possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a sports bar/restaurant which is located in the Upper West Side section of Manhattan in New York City.

24.     The individual defendants, Joseph McKenna, Patricia McGreevey, and Jill Homorodean possessed operational control over Defendant Corporation, possessed ownership interests in Defendant Corporation, and controlled significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

29.     Upon information and belief, individual defendants Joseph McKenna, Patricia McGreevey, and Jill Homorodean operated Defendant Corporation as either an alter ego of

themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.   transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

    f.   intermingling assets and debts of their own with Defendant Corporation,

    g.   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h.   other actions evincing a failure to adhere to the corporate form.

30.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

31.    In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

- 7 -

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the sports bar/restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

33.     Plaintiffs are former employees of Defendants who were employed as cooks. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alberto Galeana Placido*

34.     Plaintiff Galeana was employed by Defendants from approximately March 2015 until on or about March 08, 2017.

35.     Plaintiff Galeana regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Galeana's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Galeana regularly worked in excess of 40 hours per week.

38.     From approximately March 2015 until on or about March 08, 2017, Plaintiff Galeana worked from approximately 4:00 p.m. until on or about 10:00p.m. to 11:00 p.m. on Mondays, Tuesdays, Wednesdays, Thursdays, and Fridays, and from approximately 11:00 a.m. until on or about 11:00 p.m. on Saturdays (typically 42 to 47 hours per week).

39.     From approximately December 24, 2016 until on or about March 8, 2017, Defendants did not pay Plaintiff Galeana any wages for the hours he worked.

40.     Defendants never granted Plaintiff Galeana any breaks or meal periods of any length.

41.     Furthermore, Defendants never provided Plaintiff Galeana with a statement of wages with each payment of wages, as required by NYLL 195(3).

42.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Galeana regarding overtime and wages under the FLSA and NYLL.

43.     Defendants never gave any notice to Plaintiff Galeana, in English and in Spanish (Plaintiff Galeana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Luis Lopez Rojas*

44.     Plaintiff Lopez was employed by Defendants from approximately August 2011 until on or about June 23, 2017.

45.     Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Lopez's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

48.     From approximately November 13, 2016 until on or about June 23, 2017, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 11:00 p.m. on Sundays, from approximately 5:00 p.m. until on or about 11:00 p.m. or 12:00 a.m. Mondays, Tuesdays, Thursdays, and Fridays, and from approximately 10:00 a.m. until on or about 11:00 p.m. on Saturdays (typically 47 to 51 hours per week).

49.     From approximately November 13, 2016 until on or about June 23, 2017, Defendants did not pay Plaintiff Lopez any wages for the hours he worked.

50.     Defendants never granted Plaintiff Lopez any breaks or meal periods of any length.

51.     Furthermore, Defendants never provided Plaintiff Lopez with a statement of wages with each payment of wages, as required by NYLL 195(3).

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

53.     Defendants never gave any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     Defendants required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including two pairs of pants.

*Plaintiff Raymundo Alberto Galeana*

54.     Plaintiff Alberto was employed by Defendants from approximately 2004 until June 29, 2017.

55.     Defendants employed Plaintiff Alberto as a cook.

56.     Plaintiff Alberto regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

57.     Plaintiff Alberto's work duties required neither discretion nor independent judgment.

58.     From approximately November 13, 2016 until on or about June 17, 2017, Plaintiff Alberto worked from approximately 6:00 p.m. until on or about 10:20 p.m. to 10:30 p.m. on Thursdays and from approximately 6:00 p.m. until on or about 1:20 a.m. to 1:30 a.m. on Fridays (typically 14 hours per week).

59. From approximately November 13, 2016 until on or about June 17, 2017, Defendants did not pay Plaintiff Alberto any wages for his work.

60. Plaintiff Alberto's pay did not vary even when he was required to work a longer day than his usual schedule.

61. For example, defendants required Plaintiff Alberto to continue working 20 minutes to 30 minutes past his scheduled departure time on numerous occasions, and did not pay him for the additional time they required him to work.

62. Defendants did not grant Plaintiff Alberto any breaks or meal periods of any length.

63. No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Alberto regarding overtime and wages under the FLSA and NYLL.

64. Furthermore, Defendants never provided Plaintiff Alberto with a statement of wages with each payment of wages, as required by NYLL 195(3).

65. Defendants never gave any notice to Plaintiff Alberto, in English and in Spanish (Plaintiff Alberto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66. Defendants required Plaintiff Alberto to purchase tools of the trade with his own funds including two pairs of kitchen shoes and three pairs of kitchen pants.

*Defendants' General Employment Practices*

67. At all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff Galeana and Plaintiff Lopez (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

68.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

69.    Defendants' pay practices resulted in Plaintiffs not receiving payment for any of the hours they worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

70.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

71.    Plaintiffs were not paid any earned wages from Defendants.

72.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

73.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

74.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

75.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

77.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

78.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

79.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

80.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

81.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

82.    The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

83.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

85.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

- 14 -

87.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

88.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

90.     Plaintiff Galeana and Plaintiff Lopez repeat and reallege all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Galeana and Plaintiff Lopez's overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Galeana and Plaintiff Lopez, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Galeana and Plaintiff Lopez were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

97.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

99.     Plaintiff Galeana and Plaintiff Lopez repeat and reallege all paragraphs above as though fully set forth herein.

100.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Galeana and Plaintiff Lopez's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.     Defendants failed to pay Plaintiff Galeana and Plaintiff Lopez in a timely fashion, as required by Article 6 of the New York Labor Law.

102.     Defendants' failure to pay Plaintiff Galeana and Plaintiff Lopez's overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff Galeana and Plaintiff Lopez were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

- 16 -

**OF THE NEW YORK COMMISSIONER OF LABOR)**

104.    Plaintiff Galeana and Plaintiff Lopez repeat and reallege all paragraphs above as though fully set forth herein.

105.    Defendants failed to pay Plaintiff Galeana and Plaintiff Lopez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

106.    Defendants' failure to pay Plaintiff Galeana and Plaintiff Lopez an additional hour's pay for each day Plaintiff Galeana and Plaintiff Lopez's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

107.    Plaintiff Galeana and Plaintiff Lopez were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

108.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

110. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

111. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

112. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

113. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

114. Plaintiff Lopez and Plaintiff Alberto repeat and reallege all paragraphs above as though set forth fully herein.

115. Defendants required Plaintiff Lopez and Plaintiff Alberto to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as kitchen shoes, and kitchen pants further

- 18 -

reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

116.    Plaintiff Lopez and Plaintiff Alberto were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Galeana and Plaintiff Lopez (including the prospective collective class members);

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(e)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Galeana and Plaintiff Lopez;

(i)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Galeana and Plaintiff Lopez;

(j)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(k)      Declaring that Defendants failed to pay Plaintiffs in a timely fashion;

(l)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(m)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

- 20 -

(o)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.


Dated: New York, New York
       July 13, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
       Michael Faillace [MF-8436]
       MICHAEL FAILLACE & ASSOCIATES, P.C.
       Michael A. Faillace [MF-8436]
       60 East 42nd Street, suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Alberto Galeana Placido

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      10 de julio de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 5, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Luis Lopez Rosas

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _Luis López Rosas_

Date / Fecha:                     05 de julio de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 5, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Raymundo Alberto Galeana

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           05 de julio de 2017