# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

---

sclark@faillacelaw.com

February 9, 2018

**VIA ECF**
Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

　　　　　　Re:　　<u>1:17-cv-5319-GHW Placido et al. v. PJJK Restaurant Corp. et al.</u>

Your Honor,

　　　　This firm represents the Plaintiffs Alberto Galeana Placido, Luis Lopez Rojas, Raymundo Alberto Galeana ("Plaintiffs") in the above-referenced matter. Plaintiffs write jointly with Defendants PJJK Restaurant Corp, Patricia McGreevey and Jill Homorodean[1] to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A. The parties also request that the Court maintain jurisdiction for the purpose of resolving any disputes concerning the agreement. Plaintiffs note the Agreement still requires formal execution from Defendant PJJK Restaurant Corp. and Jill Homorodean; Ms. Homorodean has represented that she will provide the Plaintiffs with a fully executed agreement on Monday, February 12, 2018; Plaintiffs will supplement the fully executed agreement to the Court on that date.

　　　　Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties and was reached following a settlement conference before Your Honor. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

　　　　The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the

---

[1] Although Joseph McKenna was named in the Complaint, the undersigned has been informed he is now deceased. In light of the settlement here, Plaintiffs respectfully request he be dismissed from this matter.

February 8, 2018

Page 2

Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable. The parties also request that the Court maintain jurisdiction for the purpose of resolving any disputes concerning the agreement.

I. **Statement of the Case**

Plaintiffs are employees who worked at Defendants' restaurant in New York City. They bring this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a). Specifically, the Plaintiffs worked significant hours and allege they were not paid at all for a significant period or a portion of their employment.. A damages chart containing the damages Plaintiffs allege they would be entitled to if successful on all claims at trial is attached as Exhibit B.

Defendants deny the allegations.

II. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $40,000.00 to settle all claims. Of this amount, $13,200.00 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiffs. Plaintiffs will recover from the settlement funds proportionally to their estimated recovery in Exhibit B.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. The Defendants also had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full. Even if Plaintiffs were to obtain a judgment for the full amount of their claimed damages, it is not clear that they would have been able to collect the full amount, and any partial collection would have been time-consuming. The proposed settlement

February 8, 2018

Page 3

represents a reasonable compromise between the strengths and weaknesses of the parties' respective positions.

Considering the risks in this case outlined above, discussed *supra*, Plaintiffs believe that this settlement is a fair result for the Plaintiffs, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiffs, Plaintiffs' counsel will receive $13,200.00 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiffs' retainer agreements. Plaintiffs' billing records are annexed hereto as Exhibit C.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiffs and their counsel already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

> a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at

February 8, 2018

Page 4

Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

b. Shawn Clark is a litigation associate at Michael Faillace & Associates. A fifth-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He was selected as a Super Lawyers Rising Star for 2015, 2016 and 2017.

February 8, 2018

Page 5

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                                                Respectfully submitted,

                                                /s/Shawn R. Clark
                                                Shawn R. Clark
                                                MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                Attorneys for the Plaintiffs

Enclosure